IN RE:   APPLICATION OF DANIEL POUZZNER FOR REINSTATEMENT AS AN ATTORNEY AT LAW.

Superior Court      New Haven County           File #49710

Present:   Hon. ALFRED C. BALDWIN, Judge.

Lorin W. Willis,                    Attorney for the Applicant.

David S. Day,                       Attorney for the Respondent.

MEMORANDUM FILED JANUARY 26, 1938.

BALDWIN, J.   This applicant was admitted to the Bar of this state on the 21st day of June, 1921.   On March 25th, 1937, he was suspended for the period of one year from April 15th, 1937, and he has since this suspension became effective faithfully complied with the judgment of the court by with-drawing from all activities as a member of the Bar and of the firm of which he was a member.

I have examined the complete record and note that this suspension was based upon no dishonest practice, conduct or charge, nor any betrayal of any interest of any client.   It re-sulted from a breach of the rules concerning the ethical con-duct of members of the profession, viz., that they should not, by themselves, or by agents, or others, solicit clients.

From the evidence presented upon this application, Mr. Pouzzner has, from the outset of the investigation, experienced, to all intents and purposes in so far as the practice of his

profession is concerned, a suspension from such practice for a period of two and one-half years. The result of all of this has been the loss of a substantial practice and a nervous break-down requiring medical attention over a long period of time.

The evidence presented further leads me to the conclusion that because of the fact that he was not charged with dishon-esty or any betrayal of any interest of any client, the results of the investigation, trial and suspension, have been sufficient to meet all requirements of justice and that the suspension should now be terminated and that he be reinstated as an attorney at law.

No opposition was presented to the granting of this motion.

He may, therefore, be so reinstated as an attorney at law.